UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
DIXON SANTIAGO,         :

               Plaintiff,    :

          -against-         :  MEMORANDUM DECISION
                                                             AND ORDER
CAROLYN COLVIN, Acting Commissioner of the :  12 Civ. 7052 (GBD)(FM)
Social Security Administration,
                                          :
              Defendant.   :
                                          :
------------------------------------- X

GEORGE B. DANIELS, District Judge:

    Plaintiff Dixon Santiago seeks judicial review under the Social Security Act (the "Act"), 42 U.S.C. § 405(g), of a final decision of the Commissioner of Social Security (the "Commissioner") denying Plaintiff's application for Supplemental Security Income benefits ("SSI"). The parties have filed cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. ECF Nos. 10, 16. In a February 25, 2014 Report and Recommendation ("Report"), Magistrate Judge Maas recommended that this Court grant Defendant's motion for judgment on the pleadings and deny Plaintiff's motion for judgment on the pleadings. ECF No. 21. This Court adopts the Report in its entirety. Defendant's motion for judgment on the pleadings is GRANTED. Plaintiff's motion for judgment on the pleadings is DENIED.

    The Court may accept, reject, or modify, in whole or in part, the findings and recommendations set forth within the Report. *See* 28 U.S.C. § 636(b)(1)(C). When parties object to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.*; *see also Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273

(S.D.N.Y. 2006).  The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.  *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C).  The Court need not conduct a *de novo* hearing on the matter.  *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980).  Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made.  *Nelson v. Smith*, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 2005).  When the parties make no objections to the Report, the Court may adopt the Report if "there is no clear error on the face of the record."  *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

In his Report, Magistrate Judge Maas advised the parties that, pursuant to 28 U.S.C. § 631(b)(1) and Federal Rule of Civil Procedure 72(b), failure to file timely objections to the Report would result in waiver of objections and preclude appellate review.  Report at 50.  Neither party objected to the Report.  As there is no clear error on the face of the record, this Court adopts Magistrate Judge Maas' Report in its entirety.

In reviewing a denial of Social Security benefits, the Commissioner's decision can only be set aside if it is (i) based upon legal error or (ii) not supported by substantial evidence in the record.  *See* 42 U.S.C. § 405(g); *see also Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Arnone v. Bowen,* 882 F.2d 34, 37 (2d Cir. 1989); *Johnson v. Bowen,* 817 F.2d 983, 985 (1987); *Mimms v. Heckler,* 750 F.2d 180, 185 (2d Cir. 1984).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and must be "more than a mere scintilla."  *Richardson,* 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938)).

Under the Act, a person is considered disabled when he or she is "unable to engage in substantial gainful activity by reason of any medically determinable physical or mental

impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 1382c(a)(3)(A); *see also Beauvoir v. Chater,* 104 F.3d 1432, 1433 (2d Cir. 1997). The impairment must result in severe functional limitations that prevent the claimant from engaging in any substantial gainful activity. *See* 42 U.S.C. § 423(d)(2); *Rosa v. Callahan,* 168 F.3d 72, 77 (2d Cir. 1999).

To determine whether an individual is entitled to receive disability benefits, the Commissioner is required to conduct the following five-step inquiry: (i) determine whether the claimant is currently engaged in any substantial gainful activity; (ii) if not, determine whether the claimant has a "severe impairment" that significantly limits his ability to do basic work activities; (iii) if so, determine whether the impairment is one of those listed in Appendix I of the regulations; if it is, the Commissioner will presume the claimant to be disabled; (iv) if not, determine whether the claimant possesses the residual functional capacity ("RFC") to perform his past work despite the disability; and (v) if not, determine whether the claimant is capable of performing other work. *See* 20 C.F.R. § 404.1520; *Rosa,* 168 F.3d at 77; *Gonzalez v. Apfel,* 61 F. Supp. 2d 24, 29 (S.D.N.Y. 1999). The decision of an Administrative Law Judge ("ALJ") is entitled to deference because the ALJ has an opportunity to observe the claimant's demeanor and hear testimony first-hand. *See Pena v. Chater,* 968 F. Supp. 930, 938 (S.D.N.Y. 1997) (citing *Alejias v. Social Security Administration,* 445 F. Supp. 741,744 (S.D.N.Y. 1978).

Magistrate Judge Maas correctly found that the ALJ properly followed the requisite sequential analysis. The ALJ followed the five-step inquiry required by 20 C.F.R. § 404.1520, finding that: (i) Plaintiff has not engaged in substantial gainful activity since the date of his application for disability benefits; (ii) Plaintiff suffers from biopolar disorder, which is a "severe impairment" under the regulations; (iii) Plaintiff's impairment is not one of those listed in

3

Appendix I of the regulations, and thus Plaintiff is not presumed to be disabled; (iv) Plaintiff has the RFC to perform unskilled work in a low-contact setting at all exertional levels; and (v) a significant number of jobs exist that Plaintiff can perform. *See* Administrative Record (ECF No. 8, Attachment 2) at 23-26.

Magistrate Judge Maas correctly found that the ALJ's conclusion that Plaintiff is not disabled within the meaning of the Act is supported by substantial evidence in the record. The ALJ determined that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not fully credible, *see* Report at 18, and that Plaintiff has the RFC to perform unskilled work in a low-contact setting. *See* Report at 40. This conclusion was substantially supported by the observations of Plaintiff's physicians, Plaintiff's medical history, his work history, and his own hearing testimony. *See, e.g.*, Report at 16 (discussing the determination of the state psychological consultant that Plaintiff "had mild to moderate psychiatric limitations, but nonetheless was capable of performing a wide range of entry-level jobs in a low-contact setting").[1] In light of this evidence, Magistrate Judge Maas correctly concluded that the ALJ's finding that Plaintiff is not eligible for SSI benefits was determined under the correct legal standard and supported by substantial evidence.

---

[1] The psychological consultant further concluded that Plaintiff's "symptoms did not meet the SSA listings for any organic mental disorder, anxiety-related disorder, somatoform disorder, psychotic disorder, mental retardation, autistic disorder, or other pervasive developmental disorder." Report at 15.

4

## CONCLUSION

Magistrate Judge Maas' Report is adopted in its entirety. Defendant's motion for judgment on the pleadings is GRANTED. Plaintiff's motion for judgment on the pleadings is DENIED. The Clerk of the Court is directed to close this case.

Dated: New York, New York
      March 17, 2014

SO ORDERED:

*George B. Daniel*
GEORGE B. DANIELS
United States District Judge